# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 453 - 2 | **DATE** | 10/18/2001 |
| **CASE TITLE** | United States of America vs. Thomas Allman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: The defendant's motion to withdraw his plea of guilty is denied.
(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 23 2001 | |
| | Notified counsel by telephone. | date docketed | 105 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 23 AM 8:27 | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
                Plaintiff, )
) Judge Wayne R. Andersen
v. )
) No. 98 CR 453-2
THOMAS ALLMAN, )
)
                Defendant. )

DOCKETED
OCT 2 3 2001

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of defendant, Thomas Allman, to withdraw his plea of guilty. For the following reasons, we deny the motion to withdraw his plea.

## BACKGROUND

The defendant was indicted, along with his brother Michael Allman in September 1998 for various federal firearms violations. On May 19, 2000, a superseding four-count information was filed in this Court charging Michael and Thomas Allman again with federal firearms violations. Specifically, Count I charged the defendant with conspiracy to possess a firearm, while having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 371. Count II charged the defendant with possession and transfer of a banned assault weapon in violation of 18 U.S.C. § 922(v)(1). Count III did not apply to Thomas Allman. Count IV charged the defendant with causing a banned assault weapon to be mailed in interstate commerce in violation of 18 U.S.C. 1715. On May 19, 2000, the same day the superseding information was filed, the defendant's brother and co-defendant Michael Allman entered a plea of

guilty as to all charges. The same plea agreement was offered to the defendant on May 19, but he refused to plead and instead chose to proceed to a jury trial set to begin on May 22.

On the morning of May 22, 2000, when jury selection was ready to begin and approximately seventy citizens had arrived at the courthouse to be part of the venire for his trial, the defendant informed the government of his desire to change his plea to guilty. As a result of the defendant's decision, the Court conducted a Rule 11 plea proceeding. At the plea colloquy, Allman was represented by John Murphy, a lawyer with the Federal Defender Program. The government proffered evidence of the defendant's guilt and he admitted that he engaged in all of the basic conduct charged in the information. Subsequently, the Court accepted the defendant's plea of guilty and sentencing was originally set for September 14, 2000, but the date for sentencing has been repeatedly delayed at the defendant's request.

The defendant's Presentence Investigation Report ("PSI") was prepared by the United States Probation Office on July 28, 2000. On September 14, 2000, John Murphy was granted leave to withdraw as defendant's attorney. On December 7, 2000 Richard McLeese was appointed as substitute counsel for Allman. Subsequently, on July 25, 2001, defendant filed his emergency motion requesting leave to withdraw his guilty plea. It is important to note that this motion was filed fourteen months after the plea was initially entered by this Court and a year after the preparation of the PSI.

In his motion to withdraw his guilty plea, Allman claims that (a) his decision to change his plea from not guilty to guilty on May 22, 2000 was rashly made on the morning his trial was to begin and (b) the voluntariness of his decision to enter a guilty plea was compromised not only by the time

pressure associated with the impending start of his trial, but also by pressure the defendant alleges was brought to bear by both his lawyer and his mother.

## DISCUSSION

Rule 32(e) of the Federal Rules of Criminal Procedure provides that "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." However, the defendant bears the burden of persuasion that such a fair and just reason exists. *See United States v. Malave*, 22 F.3d 145, 147 (7th Cir. 1994); *United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir. 1992). The defendant has no absolute right to withdraw his guilty plea. *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001) ("Rule 32(e) . . . is not a free-swinging backdoor.")

Rule 11 of the Federal Rules of Criminal Procedure "provides a thorough hearing to determine the voluntariness and intelligence of guilty pleas, and . . . defendants afforded such a hearing should not be easily let off the hook whey they feel like changing their minds." *Coonce*, 961 F.2d at 1276. Accordingly, the record created at the Rule 11 proceeding is given a "presumption of verity," and a defendant who files a motion to withdraw his guilty plea on grounds contrary to his Rule 11 assertions faces a heavy burden of persuasion. *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987); *see also United States v. Schilling*, 142 F.3d 388, 398 (7th Cir. 1998) ("after a thorough Rule 11 colloquy, defendants face an uphill battle in demonstrating a fair and just reason.")

In determining whether to grant a motion to withdraw a guilty plea, courts have considered the following factors: 1) whether the defendant established a fair and just reason to withdraw his plea; 2) whether the defendant asserts his legal innocence of the charges; 3) the length of time between the guilty plea and the motion to withdraw; and 4) whether the government will be

3

prejudiced. *See United States v. Boone*, 869 F.2d 1089, 1091-92 (8th Cir. 1989), *cert. denied* 493 U.S. 822 (1989); *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989); *see also* Fed.R.Crim.P. 32(e) Notes of Advisory Committee 113-15.

In this case, the first three factors weigh heavily against the defendant. First, the defendant has not established a "fair and just reason" for withdrawing his guilty plea. The defendant contends that his plea was involuntary because his decision to change his plea was made quickly on the morning of his trial and that he was pressured to change his plea by his lawyer and his mother. This allegation is contrary to the defendant's statements at the Rule 11 plea proceeding when he told the Court there were no threats, promises or representations outside the written plea agreement that caused him to plead guilty. The defendant also never indicated to the Court either that he needed more time on the day of trial to further consider the decision to plead guilty or that he felt he was being rushed by his attorney to change his plea.

Second, the defendant neither claims that he is legally innocent nor contends there are any defenses to the charges against him. Instead, the extent of the defendant's argument is that he did not have sufficient time to consider his decision to change his plea in an environment free from maternal and lawyerly pressure.

Third, the defendant did not make a motion to withdraw his guilty plea until a year after it was entered. When a defendant immediately moves to withdraw his plea, courts may infer a flawed plea. However, when a defendant allows a substantial period of time to lapse, we expect that other illegitimate factors have come into play. *See United States v. Kurz*, 1995 WL 117874, at *2 (N.D. Ill. Mar. 15, 1995). In this case, Allman pled guilty on May 22, 2000. On July 25, 2001, approximately fourteen months later, Allman moved to withdraw his guilty plea. The defendant

4

claims that he regretted his decision to plead guilty almost immediately after completing the Rule 11 proceeding on May 22, 2000. However, there is no evidence in the record to explain why it then took more than a year for the defendant to actually file the instant motion to withdraw his plea. Accordingly, we find that the defendant has articulated no legitimate reasons for this considerable delay.

Because the defendant has not met the burden of persuasion necessary to withdraw a guilty plea pursuant to Federal Rules of Criminal Procedure 32(e), the defendant's motion to withdraw his plea of guilty is denied. Since the defendant's self-serving claims are facially insufficient, there is no need for the Court to order a new briefing schedule on the motion.

## CONCLUSION

For all of the foregoing reasons, the defendant's motion to withdraw his plea of guilty is denied.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: October 17, 2001